IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD

| | |
|---|---|
| T.K., a Minor, By And Through His Natural Father and Next Friend, TIMOTHY KILLINGS<br><br>and<br><br>TIMOTHY KILLINGS, individually<br><br>        Plaintiffs,<br><br>vs.<br><br>BOYS & GIRLS CLUBS OF AMERICA<br>**SERVICE: National Headquarters**<br>        **1275 Peachtree Street NE**<br>        **Atlanta, GA 30309-3506**<br><br>and<br><br>BOYS AND GIRLS CLUB OF DECATUR, INC,<br>**SERVICE: Registered Agent Bruce W. Jeffrey**<br>        **859 Jasper**<br>        **Decatur, IL 62521**<br><br>and<br><br>MARY K. PAULIN<br>**SERVICE: 756 Stevens Creek Blvd.**<br>        **Forsyth, IL 62535**<br><br>        Defendants. | Case No: 3:16-cv-3056<br><br>**EQUITABLE RELIEF SOUGHT**<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

COMES NOW, Plaintiffs T.K. (hereinafter "Minor Plaintiff") and Timothy Killings (hereinafter "Father of Minor Plaintiff"), by and through their undersigned attorney, and for their cause of action against Defendant Boys and Girls Club of Decatur, Inc., (hereinafter "Defendant

1

Decatur B&GC"), Defendant Boys and Girls Club of America (hereinafter "Defendant B&GC of America"), and Defendant Mary K. Paulin (hereinafter "Defendant Paulin") states as follows:

## JURISDICTIONAL STATEMENT

1. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1332, as the claims are between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PARTIES

2. Minor Plaintiff is a 9 year old citizen of the State of California, County of Alameda, with a birth date of 10/9/2006 and resides with his natural father Timothy Killings (a.k.a Father of Minor Plaintiff herein), who is also the natural guardian and Next Friend of said Minor Plaintiff.

3. Defendant B&GC of America is a foreign Not-For Profit Corporation, incorporated, organized, and existing under the laws of the State of Georgia.

4. Defendant B&GC of America is a citizen of the State of Georgia with its headquarters located at 1275 Peachtree Street, NE, Atlanta, GA 30309-3506, and accepts service of process through their agents at same.

5. Father of Minor Plaintiff is a citizen of the State of California, County of Alameda, and brings this action on behalf of Minor Plaintiff, as well as Father of Minor Plaintiff in his individual capacity.

6. Defendant Decatur B&GC is a domestic Not-For Profit Corporation, incorporated, organized, and existing under the laws of the State of Illinois.

7. Defendant Decatur B&GC accepts service of process through its registered agent Bruce W. Jeffrey, 859 N. Jasper, Decatur, Illinois 62521.

8.     Defendant Decatur B&GC is a citizen of the State of Illinois, with its principal place of business located at 859 N. Jasper Street, Decatur, Illinois 62521.

9.     Defendant Decatur B&GC is an Illinois child care facility licensed under the Illinois Child Care Act of 1969.

10.    Defendant Paulin is a citizen of the State of Illinois, and can be served at 756 Stevens Creek Blvd, Forsyth, IL 62535.

## FACTS COMMON TO ALL COUNTS

11.    That at all times herein mentioned, Defendant Decatur B&GC operated a summer camp both individually and through its agents, servants and employees, who at all times herein acted within the course and scope of their employment within Decatur B&GC, in Illinois.

12.    That at all times herein mentioned, Defendant B&GC of America provides operating policies, procedures, rules, guidelines, and instructions to Defendant Decatur B&GC regarding how Decatur B&GC is to operate.

13.    That at all times herein mentioned, Defendant Decatur B&GC, is/was required to follow the operating policies, procedures, rules, guidelines, and instructions established by Defendant B&GC of America and these make up the Standard Practices of Child Safety.

14.    That on or about July 17, 2015, Minor Plaintiff was a member of the Boys and Girls Club of Decatur, Inc.

15.    That on July 17, 2015, Minor Plaintiff was entrusted to the care of the Defendant Decatur B&GC and/or Defendant B&GC of America, who agreed to accept the care, custody and control of the Minor Plaintiff for the purposes of child care.

16.    That on July 17, 2015, while Minor Plaintiff was in the care of Defendant Decatur B&GC and/or Defendant B&GC of America, he was taken from the Boys and Girls Club of

Decatur premises located at 859 N. Jasper St, Decatur, IL 62521, to the property located at 6206 East Road, Clinton, IL 61727, in DeWitt County, Illinois, by the agents, servants and/or employees of the Defendant Decatur B&GC and/or Defendant B&GC of America.

17. That on July 17, 2015, Defendant Decatur B&GC and/or Defendant B&GC of America did not have the necessary permission to take Minor Plaintiff from the Boys and Girls Club of Decatur located at 859 N. Jasper St, Decatur, IL 62521, to the property located at 6206 East Road, Clinton, IL 61727, in DeWitt County, Illinois.

18. That on or about July 17, 2015, Defendant Paulin owned property in Illinois with the address being 6206 East Road., Clinton IL 61727.

19. That on July 17, 2015, Defendant Decatur B&GC and/or Defendant B&GC of America did not have the necessary permission to give the Plaintiff a ride on the farm trailer, which was located on the property at 6206 East Road, Clinton, IL 61727, in DeWitt County, Illinois.

20. That on July 17, 2015, Defendant Paulin did not have the necessary permission to give the Minor Plaintiff a ride on the farm trailer, which was located on her property at 6206 East Road, Clinton, IL 61727, in DeWitt County, Illinois.

21. That on July 17, 2015, Defendant Decatur B&GC and/or Defendant B&GC of America put Minor Plaintiff on a farm trailer at the property of 6206 East Road, Clinton, IL 61727, in DeWitt County, Illinois.

22. That on July 17, 2015, Defendant Paulin put Minor Plaintiff on a farm trailer at the property of 6206 East Road, Clinton, IL 61727, in DeWitt County, Illinois.

23. The farm trailer on which Defendant Decatur B&GC and/or Defendant B&GC of America used to transport Minor Plaintiff was not designed or intended to transport people.

24. The farm trailer lacked guard rails, seats, seat belts, or protection of any kind to prevent individuals from falling off of the trailer.

25. That on July 17, 2015, Defendant Paulin owned and/or operated a farm tractor & trailer on her property and on a public road adjacent to her property. Said farm trailer was not designed or intended to transport people.

26. The farm trailer lacked guard rails, seats, seat belts, or protection of any kind to prevent individuals from falling off of said trailer.

27. That on July 17, 2015, Defendant Paulin drove the tractor, with the farm trailer in tow and with minor Plaintiff and approximately 15-20 additional children on board, onto East Road in rural Clinton, Illinois.

28. That on July 17, 2015, East Road in Clinton, Illinois, was a public highway and/or roadway, open to the general public.

29. That on July 17, 2015, the farm trailer was not being used in connection with a parade and/or farming-related activity.

30. That on July 17, 2015, while on East Road, Minor Plaintiff was pushed, fell, and/or placed in a position in which he jumped from the farm trailer and was then run over by the trailer.

31. As a direct and proximate result of being struck by the farm trailer on July 17, 2015, Minor Plaintiff suffered injuries and damages as more fully set forth herein.

32. As a direct and proximate result of one or more of the foregoing or following acts or omissions on the part of Defendant Decatur B&GC and/or Defendant B&GC of America and/or Defendant Paulin, Minor Plaintiff sustained injures to his head, face, scalp, eyes, chest, neck, back, arms, lungs, hands, legs, and feet, specifically, but not limited to a skull fractures, intracranial injury, traumatic pneumothorax, lacerated liver, injury to abducens nerve, rib

fractures, lung contusions, cerebrospinal fluid otorrhea, acute respiratory failure, bilateral pulmonary contusion, brain injury, CSF leak from left ear, among others.

33.   As a direct and proximate result of one or more of the foregoing or following acts or omissions on the part of Defendant Decatur B&GC and/or Defendant B&GC of America and/or Defendant Paulin, Minor Plaintiff has been forced to undergo past medical treatment and incurred medical charges in excess of One Hundred Thousand Dollars ($100,000.00).

34.   As a direct and proximate result of one or more of the foregoing and/or following acts and/or omissions on the part of Defendant Decatur B&GC and/or Defendant B&GC of America and/or Defendant Paulin, Minor Plaintiff will be forced to undergo medical treatment in the future and thus will incur medical expenses associated with said ongoing and future treatment.

35.   As a direct and proximate result of one or more of the foregoing and/or following acts and/or omissions on the part of Defendant Decatur B&GC and/or Defendant B&GC of America and/or Defendant Paulin, Minor Plaintiff will have a diminished earning capacity and will suffer future loss of wages, revenue, income and earning power.

36.   As a direct and proximate result of one or more of the foregoing and/or following acts and/or omissions on the part of Defendant Decatur B&GC and/or Defendant B&GC of America and/or Defendant Paulin, Minor Plaintiff has sustained permanent pain and suffering, impairment of motor skills, mental anguish of the body, anxiety, depression, emotional injury, disability, disfigurement, and loss of enjoyment of life, and will continue to incur same into the future.

37.   That as a further direct and proximate result of the aforementioned injuries, damages and injurious consequences thereof, the natural Father of Minor Plaintiff, has been

required to expend sums of money and incur bills for doctors, hospitals, nurses, therapy, rehabilitation, drugs, x-rays, medicines, surgery, and medical care to date.

38. That as a further direct and proximate result of the aforementioned injuries, damages, and injurious consequences thereof, the natural Father of Minor Plaintiff, will be required to expend sums of money and incur bills for doctors, hospitals, nurses, therapy, rehabilitation, drugs, x-rays, medicines, surgery, medical care into the future for ongoing injuries and care.

39. Further pleading, the Father of Minor Plaintiff has suffered loss of aid, comfort, society, companionship, pleasure and the family relationship as a result of the injuries to the Minor Plaintiff.

<u>COUNT I – NEGLIGENT SUPERVISION<br>AGAINST DEFENDANT BOYS AND GIRLS CLUB OF DECATUR, INC. and DEFENDANT BOYS AND GIRLS CLUBS OF AMERICA</u>

40. Minor Plaintiff reasserts and incorporates all preceding paragraphs by reference as if fully set forth herein.

41. That at the time and date alleged above, a relationship was created and existed between Defendant Decatur B&GC, Defendant B&GC of America, and Minor Plaintiff so that Defendants had a duty of care imposed upon them to adequately supervise Minor Plaintiff and protect Minor Plaintiff from harm, dangerous instrumentalities, and/or dangerous conditions, as well as to obey applicable transportation laws.

42. Defendant Decatur B&GC and Defendant B&GC of America, owed Minor Plaintiff a duty to use ordinary care to protect Minor Plaintiff from any unreasonable risk of harm.

43. The supervision of Minor Plaintiff required more vigilance and caution than would the exercise of ordinary care where adults are concerned and this was and is particularly true when an unsafe and dangerous condition exists, as aforesaid, and Defendants were or should have been aware of it.

44. That at the time and date alleged above, Defendant Decatur B&GC and Defendant B&GC of America, were negligent, careless and breached the duty of care owed to Minor Plaintiff and other children in their care as follows:

    (a) Defendants failed to properly supervise the minor children they put on the farm trailer;

    (b) Defendants failed to provide enough staff members to monitor the minor children they put on the farm trailer;

    (c) Defendants allowed, caused and/or permitted Minor Plaintiff to be put on a farm trailer that was not designed for transporting children, had no railings, no side barriers, making it dangerous and/or not reasonably safe for Minor Plaintiff;

    (d) Defendants negligently supervised plaintiff;

    (e) Defendants failed to warn and/or failed to adequately warn Minor Plaintiff of the potential for injury before putting Minor Plaintiff on the farm trailer.

    (f) Defendants failed to warn and/or adequately warn the legal guardians of Minor Plaintiff of the potential for injury.

    (g) Defendants failed to obtain the necessary permission from the Minor Plaintiff's guardian related to the farm trailer and farm trip.

  (h)  Defendants failed to exercise reasonable care under the circumstances described herein;

  (i)  Defendants knew or should have known that because of Minor Plaintiff's young age Minor Plaintiff required special care and supervision;

45. Defendant B&GC of America failed to properly train Defendant B&GC of Decatur on the operating policies, procedures, rules, guidelines, and instructions established by Defendant B&GC of America that make up the Standard Practices of Child Safety, and otherwise.

46. Defendant B&GC of America failed to properly supervise Defendant B&GC of Decatur to ensure they were following the operating policies, procedures, rules, guidelines, and instructions established by Defendant B&GC of America that make up the Standard Practices of Child Safety, and otherwise.

47. The type of injuries and damages suffered by Minor Plaintiff under the aforementioned circumstances were reasonably foreseeable and Defendants knew or should have known that such injuries were reasonably foreseeable when they allowed, caused and/or permitted the Minor Plaintiff to be placed on the farm trailer.

48. That as a direct and proximate result of the above mentioned negligence of the Defendants, and each of them, Minor Plaintiff and Father of Minor Plaintiff suffered and will suffer said injuries and damages as stated herein.

WHEREFORE, Plaintiff prays for judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) jointly and severely in an amount amongst the Defendants together with their costs and interest herein expended, aggravated damages, prejudgment interest and any other relief this Court deems just and proper.

COUNT II – RES IPSA LOQUITUR
AGAINST DEFENDANT BOYS AND GIRLS CLUB OF DECATUR, INC. and DEFENDANT BOYS AND GIRLS CLUBS OF AMERICA

49. Minor Plaintiff reasserts and incorporates all preceding paragraphs by reference as if fully set forth herein.

50. That on or about July 17, 2015, Minor Plaintiff was under the paid care and supervision of Defendant Decatur B&GC and/or Defendant B&GC of America.

51. That Defendant Decatur B&GC and/or Defendant B&GC of America is a registered and licensed professional child care facility providing care and supervision to minor children for money.

52. That Minor Plaintiff sustained serious permanent bodily injuries, as more fully set forth herein, while under the paid care and supervision of Defendants Decatur B&CG and B&CG of America.

53. That a minor child under the care and supervision of a registered, licensed professional child care facility does not ordinarily sustain serious injuries when properly supervised in the absence of negligence.

54. That as a direct and proximate result of the above mentioned negligence of Defendants Decatur B&GC and Defendant B&GC of America, Minor Plaintiff and Father of Minor Plaintiff suffered and will suffer from injuries and damages as stated herein.

WHEREFORE, Plaintiff prays for judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) jointly and severely in an amount amongst the Defendants together with their costs and interest herein expended, aggravated damages, prejudgment interest and any other relief this Court deems just and proper.

COUNT III – NEGLIGENCE PER SE
AGAINST DEFENDANT BOYS AND GIRLS CLUB OF DECATUR, INC. and DEFENDANT BOYS & GIRLS CLUBS OF AMERICA

55. Minor Plaintiff reasserts and incorporates all preceding paragraphs by reference as if fully set forth herein.

56. The above incident and injuries sustained by Minor Plaintiff were directly and proximately caused by Defendants' careless and negligent violations of Illinois' statutory rules of the road 625 ILCS 5/11-1408, in that Defendants' unlawfully placed Minor Plaintiff on a towed farm trailer on a public highway

57. As a direct and proximate result of Defendant's violations of 625 ILCS 5/11-1408 as set forth above, Plaintiff sustained the serious, permanent, progressive and disabling bodily injuries and damages as set forth above.

58. That Plaintiff was within the class of people 625 ILCS 5/11-1408 was designed to protect.

59. The injuries Plaintiff sustained were of the type that 625 ILCS 5/11-1408 were designed to prevent.

60. That Defendants' actions represent negligence per se under applicable law.

WHEREFORE, Plaintiff prays for judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) jointly and severely in an amount amongst the Defendants together with their costs and interest herein expended, aggravated damages, prejudgment interest and any other relief this Court deems just and proper.

## COUNT IV – AGGRAVATED DAMAGES
## AGAINST DEFENDANT BOYS AND GIRLS CLUB OF DECATUR, INC. and DEFENDANT BOYS AND GIRLS CLUBS OF AMERICA

61. Minor Plaintiff reasserts and incorporates all preceding paragraphs by reference as if fully set forth herein.

62. That at the time of Minor Plaintiff's injuries, Defendants operated their summer camp recklessly or grossly negligently, and had no intention of providing the care Minor Plaintiff required.

63. That at the time of Minor Plaintiff's injuries, Defendants placed 15-20 minor children onto the unsafe farm trailer, which contained no guardrails, side walls, barriers, or seats.

64. That at the time of Minor Plaintiff's injuries, Defendants knew or should have known the farm trailer was unreasonably dangerous.

65. That at the time of Minor Plaintiff's injuries, Defendants failed to take the necessary safety precautions when they knew or should have known there was no way for the children to be properly seated on the farm trailer.

66. That at the time of Minor Plaintiff's injuries, Defendants knew or should have known that placing children on the farm trailer and pulling it with a tractor without the proper supervision posed a high probability of serious physical harm to Minor Plaintiff and showed a conscious disregard for the safety of the children, including Minor Plaintiff.

67. That the above behavior of Defendants was careless and reckless and in such a way that Defendants showed a conscious disregard for human life and Minor Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for aggravated damages against Defendants, in excess of Seventy-Five Thousand Dollars ($75,000.00) jointly and severely in an amount amongst the

Defendants together with their costs and interest herein expended, prejudgment interest and any other relief this Court deems just and proper.

## COUNT V – NEGLIGENCE
## AGAINST DEFENDANT MARY K PAULIN

68. Minor Plaintiff reasserts and incorporates all preceding paragraphs by reference as if fully set forth herein.

69. Defendant Paulin owed Minor Plaintiff a duty to use ordinary care to protect the Minor Plaintiff against any unreasonable risk of harm and this duty required more vigilance and caution than would the exercise of ordinary care where adults are concerned and this was and is particularly true when an unsafe and dangerous condition exists, as aforesaid, and Defendant Paulin was or should have been aware of the dangerous condition that existed and/or she created.

70. That at the time and date alleged above, Defendant Paulin was negligent, careless, reckless, and breached the duty of care owed to Minor Plaintiff and other children in the following ways:

  (a) Defendant Paulin allowed, caused and/or placed Minor Plaintiff on a farm trailer that was not designed for transporting children, had no railings, barriers, walls, seats, or barriers, making it dangerous and/or not reasonably safe for children, Minor Plaintiff;

  (b) Defendant Paulin failed to warn Minor Plaintiff of the potential for injury before placing him on farm trailer and/or pulling him on the trailer.

  (c) Defendant Paulin failed to warn Minor Plaintiff of the dangerous condition, vehicle, and/or instrumentality, that being the farm trailer with

        no railings, barriers, walls, seats, or barriers, making it dangerous and/or not reasonably safe for Minor Plaintiff;

  (d)    Defendant Paulin failed to warn the legal guardians of Minor Plaintiff of the potential for injury.

  (e)    Defendant Paulin failed to obtain the necessary permission from the Minor Plaintiff's guardian for the farm trailer ride.

  (f)    Defendant Paulin failed to exercise reasonable care;

  (g)    Defendant Pauling created a dangerous condition by placing Minor Plaintiff on the farm trailer and pulling him on the public road.

  (h)    Defendant Paulin knew or should have known that because of Minor Plaintiff's young age, he required special care and supervision when she placed him on the farm trailer, which Defendant Paulin failed to provide and/or chose not to provide;

71. The type of injuries and damages suffered by Minor Plaintiff under the aforementioned circumstances were reasonably foreseeable and Defendants, and each of them, knew or should have known that such injuries were reasonably foreseeable when they allowed, encouraged, caused and/or permitted the Minor Plaintiff to be placed on the farm trailer and be pulled on a public road when it was not safe to do so.

72. That as a direct and proximate result of the above mentioned negligence of Defendant Paulin, Minor Plaintiff and Father of Minor Plaintiff suffered and will suffer injuries and damages as stated herein.

WHEREFORE, Plaintiff prays for judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) jointly and severely in an amount amongst the Defendants together with their costs

and interest herein expended, aggravated damages. prejudgment interest and any other relief this Court deems just and proper.

## COUNT VI – NEGLIGENCE PER SE
## AGAINST DEFENDANT MARY K. PAULIN

73. Minor Plaintiff reasserts and incorporates all preceding paragraphs by reference as if fully set forth herein.

74. The above incident and injuries sustained by Minor Plaintiff were directly and proximately caused by Defendant's careless and negligent violations of Illinois' statutory rules of the road 625 ILCS 5/11-1408, in that Defendant unlawfully placed Minor Plaintiff on a farm trailer and pulled him onto a public road.

75. As a direct and proximate result of Defendant's violations of 625 ILCS 5/11-1408 as set forth above, Plaintiff sustained serious, permanent, progressive and disabling bodily injuries and damages as set forth herein.

76. That Plaintiff was within the class of people 625 ILCS 5/11-1408 was designed to protect.

77. The injuries Minor Plaintiff sustained were of the type that 625 ILCS 5/11-1408 were designed to prevent.

78. That Defendant's actions constitute negligence per se under applicable law.

WHEREFORE, Plaintiff prays for judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) jointly and severely in an amount amongst the Defendants together with their costs and interest herein expended, aggravated damages, prejudgment interest and any other relief this Court deems just and proper.

## COUNT VII – AGGRAVATED DAMAGES
## AGAINST DEFENDANT MARY K. PAULIN

79.    Minor Plaintiff reasserts and incorporates all preceding paragraphs by reference as if fully set forth herein.

80.    That at the time Minor Plaintiff was injured as described herein, Defendant Paulin's conduct as described herein was reckless and/or grossly negligent, and Defendant Paulin had no intention of making sure Minor Plaintiff was safe when she placed him on the farm trailer and pulled him on the public road.

81.    That at the time Minor Plaintiff was injured, Defendant Paulin knew or should have known the farm trailer was unreasonably dangerous and pulling children onto a public road was unreasonably dangerous.

82.    Leading up to the time Minor Plaintiff was injured, Defendant Paulin failed to take the necessary safety precautions she knew or should have known with regard to children riding on an unsafe farm trailer with no sidewalls, no side protection, no seats, and being pulled on a public road as as described herein.

83.    That at the time Minor Plaintiff was injured, Defendant Paulin knew, should have known, and/or could have known that placing children on the dangerous farm trailer and pulling onto a public roadway without proper supervision, posed a high probability of serious physical harm and/or death. .

84.    That the above behavior of Defendant Paulin was careless, reckless and showed a conscious disregard for human life, and Minor Plaintiff is entitled to aggravated damages.

WHEREFORE, Plaintiff prays for aggravated damages against Defendants, in excess of Seventy-Five Thousand Dollars ($75,000.00) jointly and severely in an amount amongst the

Defendants together with their costs and interest herein expended, prejudgment interest and any other relief this Court deems just and proper.

          Respectfully submitted,

          By__/s/ Christopher R. Dixon_____
          Christopher R. Dixon, #6311908
          *Attorneys for Plaintiff*
          9666 Olive Boulevard, Suite 690
          St. Louis, Missouri 63132
          T: (314) 282-5905
          F: (314) 627-5968
          D: (314) 409-7060
          Email: chris@dixoninjuryfirm.com