## IN THE UNITED STATES DISTRICT COURT
## OF THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

T.K., a minor, by and through his )
natural Father and Next Friend, )
TIMOTHY KILLINGS, and )
TIMOTHY KILLINGS, individually, )
)
    Plaintiffs, )
)
v. )    Case No. 16-cv-03056
)
BOYS & GIRLS CLUBS OF )
AMERICA, BOYS AND GIRLS )
CLUB OF DECATUR, INC., and )
MARY K. PAULIN, )
)
    Defendants. )

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendants Boys & Girls Clubs of
America and Boys & Girls Club of Decatur, Inc.'s Combined Rule
12(b)(6) Motion to Dismiss Complaint and Alternative Rule 12(f)
Motion to Strike Portions of Count I of the Second Amended
Complaint (d/e 32) and Defendant Mary K. Paulin's Combined Rule
12(b)(6) Motion to Dismiss Complaint and Alternative Rule 12(f)
Motion to Strike Portions of Count IV of the Second Amended
Complaint (d/e 33).  The motion filed by Defendants Boys and Girls

Club of Decatur, Inc. (Decatur Boys & Girls Club) and Boys & Girls Clubs of America (America Boys & Girls Club) is GRANTED IN PART and DENIED IN PART. Defendant Paulin's motion is DENIED. In the Second Amended Complaint, T.K., a minor, through his father, Timothy Killings, sufficiently pleads negligence and willful and wanton misconduct causes of action against all Defendants. In addition, Mr. Killings pleads cognizable claims for T.K.'s past and future medical expenses against all Defendants. However, the allegations of the Second Amended Complaint are not sufficient to render the doctrine of <u>res ipsa loquitur</u> applicable against Decatur Boys & Girls Club or America Boys & Girls Club.

## I. **BACKGROUND**

The following facts come from Plaintiffs' Second Amended Complaint. The Court accepts them as true at the motion to dismiss stage. <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008).

On July 17, 2015, T.K., a then-eight-year-old resident of California, was a member of Decatur Boys & Girls Club, a corporate citizen of Illinois and a licensed child-care facility. On that same date, Decatur Boys & Girls Club was operating a summer camp

through its agents and employees, and T.K. was under the paid care and supervision of Decatur Boys & Girls Club and America Boys & Girls Club. America Boys & Girls Club, a corporate citizen of Georgia, provides operating policies, procedures, rules, guidelines, and instructions regarding how Decatur Boys & Girls Club is to operate. Decatur Boys & Girls Club is required to follow these operating policies, procedures, rules, guidelines, and instructions.

On July 17, 2015, T.K. was taken from the premises of Decatur Boys & Girls Club in Decatur, Illinois, to property in Clinton, Illinois, owned by Defendant Paulin, an Illinois citizen. Neither Decatur Boys & Girls Club nor America Boys & Girls Club had permission to transport T.K. from Decatur to Defendant Paulin's property in Clinton. Defendants,[1] again without permission, put T.K. on a farm trailer owned by Defendant Paulin and located on Defendant Paulin's property. The farm trailer was not designed or intended to transport people, and the trailer lacked guardrails, seats, seatbelts, and other equipment that might

---

[1] The use of "Defendants" in this Opinion will refer collectively to Decatur Boys & Girls Club, America Boys & Girls Club, and Mary K. Paulin.

prevent people from falling off it. Defendant Paulin pulled the trailer, with T.K. and 15 to 20 additional children riding on it, onto a public highway with a tractor Defendant Paulin owned. The trailer was not being used in connection with a parade or a farm-related activity.

While riding on the trailer, T.K. fell or jumped off the trailer or was pushed off. As a result, T.K. sustained injuries to his head, face, eyes, chest, neck, back, arms, lungs, hands, legs, and feet. T.K. underwent medical treatment for his injuries and will have to undergo additional treatment in the future. T.K's father, Timothy Killings, a citizen of California, has incurred expenses related to his son's medical care and will incur additional expenses in the future for his son's future medical care.

On March 3, 2016, Plaintiffs filed their Complaint (d/e 1) against Defendants. Plaintiffs subsequently filed their First Amended Complaint (d/e 26) on May 23, 2016, and their Second Amended Complaint (d/e 31) on June 17, 2016. The Second Amended Complaint contains five counts. Counts 1 through 3 allege claims against Decatur Boys & Girls Club and America Boys & Girls Club for, respectively, negligence, negligence based on the

doctrine of <u>res ipsa loquitur</u>, and willful and wanton misconduct.
Counts 4 and 5 allege negligence and willful and wanton
misconduct claims, respectively, against Defendant Paulin.

On June 27, 2016, Decatur Boys & Girls Club and America
Boys & Girls Club filed their Combined Rule 12(b)(6) Motion to
Dismiss Complaint and Alternative Rule 12(f) Motion to Strike
Portions of Count I of the Second Amended Complaint, asking the
Court to dismiss Counts 1 through 3 for failing to state cognizable
claims or, in the alternative, to strike certain paragraphs of the
Second Amended Complaint. On June 30, 2017, Defendant Paulin
filed her Combined Rule 12(b)(6) Motion to Dismiss Complaint and
Alternative Rule 12(f) Motion to Strike Portions of Count IV of the
Second Amended Complaint, asking the Court to dismiss Counts 4
and 5 for failing to state cognizable claims or, in the alternative, to
strike certain paragraphs of the Second Amended Complaint.

## II. <u>JURISDICTION</u>

This Court has original jurisdiction over Plaintiffs' claims
because no Plaintiff is a citizen of the same state as any Defendant
and Plaintiffs are seeking damages in excess of $75,000. <u>See</u> 28
U.S.C. § 1332(a)(1); <u>McMillian v. Sheraton Chi. Hotel & Towers</u>, 567

F.3d 839, 844 (7th Cir. 2009) ("When the jurisdictional threshold is uncontested, we generally will accept the plaintiff's good faith allegation of the amount in controversy unless it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.") (internal quotation marks omitted).

### III.  <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct.  <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007).  A plaintiff's complaint must suggest a right to relief, "raising that possibility above a speculative level." <u>Kubiak v. City of Chicago</u>, 810 F.3d 476, 480 (7th Cir. 2016).  "The required level of factual specificity rises with the complexity of the claim." <u>McCauley v. City of Chicago</u>, 671 F.3d 611, 616-17 (7th Cir. 2011).

When faced with a Rule 12(b)(6) motion to dismiss, the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." <u>Roberts</u>

v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).  "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." McCauley, 671 F.3d at 616.  Further, the Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim."  R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989).  The Court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Pro. 12(f).

## IV.  ANALYSIS

### A.  Count I and Count IV Sufficiently Plead Negligence and Medical Expense Claims Against All Defendants.

*1.  T.K. has pleaded cognizable negligence claims against all Defendants.*

In a case where federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, "[s]tate substantive law applies, but federal procedural rules govern."  Doermer v. Callen, 847 F.3d 522, 529 (7th Cir. 2017).  "To state a claim for negligence under Illinois law, a plaintiff must plead that the defendant owed plaintiff a duty, it breached that duty, and the breach proximately caused plaintiff's injury."  Allstate Indem. Co. v. ADT LLC, 110 F. Supp. 3d

856, 862–63 (N.D. Ill. 2015) (citing <u>Simpkins v. CSX Transp., Inc.</u>,

965 N.E.2d 1092, 1097 (Ill. 2012). In Illinois, "every person owes to

all other persons a duty to exercise ordinary care to guard against

injury which naturally flows as a reasonably probable and

foreseeable consequence of his act." <u>Jane Doe-3 v. McLean Cnty.</u>

<u>Unit Dist. No. 5 Bd. of Dirs.</u>, 973 N.E.2d 880, 890 (Ill. 2012).

Whether this duty arises in a particular context depends on "the

reasonable foreseeability of the injury, the likelihood of the injury,

the magnitude of the burden of guarding against the injury, and the

consequences of placing the burden on defendants." <u>Id.</u> A child's

caretaker has a duty to protect the child from harm. <u>Ryan v.</u>

<u>Yarbrough</u>, 823 N.E.2d 259, 262 (Ill. App. Ct. 2005). Whether a

duty exists is a question of law to be decided by the Court.

<u>Simpkins</u>, 965 N.E.2d at 1096.

In support of his negligence claims against America Boys &

Girls Club and Decatur Boys & Girls Club, T.K.[2] alleges that he was

a member of Decatur Boys & Girls Club and was entrusted to the

care of both organizations on July 17, 2015. Sec. Am. Complaint,

---

[2] Plaintiffs do not separate T.K's claims from Mr. Killings' claims in the Second
Amended Complaint. To avoid confusion, the Court will address the allegations
of the Second Amended Complaint as those of T.K. when analyzing T.K's claims
and as those of Mr. Killings when analyzing Mr. Killings' claims.

¶¶ 15-16.  America Boys & Girls Club and Decatur Boys & Girls Club agreed to accept the "care, custody, and control" of T.K. for the purpose of providing child care.  Id. ¶ 16.  T.K. also alleges that on July 17, 2015, the relationship between him and America Boys & Girls Club and Decatur Boys & Girls Club imposed on the two organizations a duty of care to adequately supervise him and protect him from harm, any unreasonable risk of harm, dangerous instrumentalities, and dangerous conditions.  Id. ¶¶ 42-43.

Further, according to T.K., America Boys & Girls Club and Decatur Boys & Girls Club breached the duty of care they owed him in several ways, including by (1) negligently supervising him, (2) allowing and causing him to be placed on a farm trailer that was not designed for transporting children and was therefore dangerous and not reasonably safe for him, (3) failing to warn or failing to adequately warn him of the potential for injury before putting him on the trailer, (4) failing to properly supervise the minors they placed on the trailer, and (5) failing to provide enough staff members to monitor the children they placed on the trailer.  Id. ¶ 45.  With respect to America Boys & Girls Club, T.K. further alleges that it failed to properly train Decatur Boys & Girls Club on the

operating policies, procedures, rules, guidelines, and instructions of America Boys & Girls Club and that it failed to supervise Decatur Boys & Girls Club to ensure that the operating policies, procedures, rules, guidelines, and instructions were followed.  Id. ¶¶ 46-47.  In addition, T.K. claims that the actions of America Boys & Girls Club and Decatur Boys & Girls Club proximately caused his injuries.  Id. ¶¶ 33-39, 49.

In support of his negligence claim against Defendant Paulin, T.K. alleges that on July 17, 2015, Defendant Paulin put him on the farm trailer even though Defendant Paulin did not have the requisite permission to give him a ride on the trailer.  Sec. Am. Complaint, ¶¶ 21, 23.  Defendant Paulin towed the trailer, while T.K. and 15 to 20 additional children were on board, with a tractor onto a public highway.  Id. ¶¶ 28-29.  According to T.K., Defendant Paulin owed him a duty of care to protect him from any unreasonable risk of harm and breached that duty by (1) allowing and causing him to be placed on a farm trailer that was not designed for transporting children and was therefore dangerous and not reasonably safe for him; (2) failing to warn him of the potential for injury before putting him on the trailer and pulling the trailer

onto a public highway; (3) failing to warn him that the trailer was dangerous and not reasonably safe given that the trailer had no railings, barriers, walls, or seats; and (4) creating a dangerous condition by placing him on the trailer and pulling it onto a public highway.  Id. ¶¶ 72-73.  In addition, T.K. alleges that the actions of Defendant Paulin proximately caused his injuries.  Id. ¶¶ 33-39, 75.

Based on these allegations, T.K. has sufficiently pleaded negligence claims against Decatur Boys & Girls Club, America Boys & Girls Club, and Defendant Paulin.  The allegations in Count I and Count IV of the Second Amended Complaint give Defendants notice of the basis for T.K.'s negligence claims against them and are sufficient to establish that T.K. has a plausible, as opposed to speculative, right to relief against Defendants.  This is all that is required of a plaintiff under the federal notice pleading regime.  See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 547.

Defendants do not seem to dispute such a finding.  Indeed, their arguments for the dismissal of Count I and Count IV focus on the allegations in the Second Amended Complaint relating to an alleged violation of 625 Ill. Comp. Stat. 5/11-1408, a provision of the Illinois Vehicle Code, and claims that their alleged statutory

violations constitute negligence per se.  See Mot. to Dismiss (d/e 32), at 1-2; Memorandum of Law (d/e 21), at 4-6; Mot. to Dismiss (d/e 33), at 1-2; Memorandum of Law (d/e 34), at 1-2.  Defendants are correct that Illinois does not recognize statutory violations as negligence per se.  See Kalata v. Anheuser-Busch Companies, Inc., 581 N.E.2d 656, 661 (Ill. 1991) ("A violation of a statute or ordinance designed to protect human life or property is *prima facie* evidence of negligence. . . . The violation does not constitute negligence *per se*, however, and therefore the defendant may prevail by showing that he acted reasonably under the circumstances.").  But the inclusion of allegations regarding violations of 625 Ill. Comp. Stat. 5/11-1408 and negligence per se do not require the dismissal of Count I or Count IV.  As the Court has explained above, T.K. has sufficiently pleaded negligence claims against Defendants without the allegations relating to statutory violations.  Cf. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.").

*2.      Timothy Killings has pleaded cognizable medical expense
         claims against all Defendants.*

Just because T.K. has cognizable negligence claims against

Defendants does not mean that Timothy Killings, T.K.'s father, also

has such claims.  To state a negligence cause of action, Mr. Killings

must plead enough facts to make it plausible that he was harmed

as a proximate result of Defendants' breach of a duty they owed to

him.  Allstate, 110 F. Supp. 3d at 862–63.  Mr. Killings has failed to

meet his burden.  The fact that Defendants were responsible for

T.K.'s well-being on July 17, 2015, does not mean that Defendants

had any duty to Mr. Killings.  See Bruntjen v. Bethalto Pizza, LLC,

18 N.E.3d 215, 231 (Ill. App. Ct. 2014) ("The criterion in a duty

analysis is whether a plaintiff and a defendant stood in such a

relationship to each other that the law imposed an obligation upon

the defendant to act for the protection of the plaintiff.").  It was T.K.,

not Mr. Killings, who was placed on an unsafe farm trailer and

pulled onto a public road.  Defendants therefore had a duty to

exercise ordinary care to prevent injury to T.K., not Mr. Killings.

Further, Mr. Killings does not claim that he was physically injured

as a result of Defendants' negligence; his only claimed injury is the

money he has spent and the money he will spend in the future for T.K.'s past and future medical treatment.  See Sec. Am. Complaint, ¶¶ 38-39.  In short, Mr. Killings has not met the pleading requirements for a negligence claim against any Defendant.

But just because Mr. Killings has not pleaded cognizable negligence claims against Defendants does not mean that he has pleaded no cognizable claims against them.  In Illinois, parents have a cause of action against a tortfeasor who injures their child and causes them to incur medical expenses.  Pirrello v. Maryville Acad., Inc., 19 N.E.3d 1261, 1264 (Ill. App. Ct. 2014).  The claim is not one for damages stemming from the child's physical injury, but one founded on the parents' liability for the minor's medical expenses under the Illinois Family Expense Act.  Id.; see also 750 Ill. Comp. Stat. 65/15(a)(1) (obligating parents to pay for the "expenses of the family").  T.K. has pleaded cognizable negligence claims against Defendants.  Mr. Killings alleges that he has been saddled with bills stemming from T.K.'s medical care, some of which he has paid, and that he will incur additional medical bills in the future as a result of the injuries T.K. suffered on account of Defendants' negligence. Sec. Am. Complaint, ¶¶ 38-39.  Mr. Killings is the father of T.K., a

minor, and is required by law to pay for T.K.'s medical expenses, Mr. Killings has adequately pleaded claims against Defendants for the recovery of the amounts paid or to be paid for T.K.'s past and future medical expenses stemming from Defendants' negligence.

One final point merits a brief discussion. In the Second Amended Complaint, Mr. Killings alleges that he has suffered, as a result of T.K.'s injuries, "loss of aid, comfort, society, companionship, pleasure, and the family relationship." Sec. Am. Complaint, ¶ 40. However, in Illinois, a parent may not "recover for loss of the society and companionship of a child who is nonfatally injured." Vitro v. Mihelcic, 806 N.E.2d 632, 633 (Ill. 2004). Therefore, Mr. Killings has no valid claim for loss of society and companionship in this case.

>    3.    *The Court strikes paragraph 27 from Plaintiffs' Second Amended Complaint.*

As an alternative to the dismissal of Count I of the Second Amended Complaint, Defendants Decatur Boys & Girls Club and America Boys & Girls Club ask the Court to strike paragraphs 50 through 55 of the Complaint. Mot. to Dismiss (d/e 32), at 2. Similarly, Defendant Paulin asks the Court, as an alternative to the

dismissal of Count IV, to strike paragraphs 76 through 81 of the Second Amended Complaint. Mot. to Dismiss (d/e 33), at 1-2. According to Defendants, the Court should strike these paragraphs because they are ultimately used to claim that Defendants' alleged statutory violations constitute negligence <u>per</u> <u>se</u>.

Additionally, Defendants Decatur Boys & Girls Club and America Boys & Girls Club request that the Court strike paragraph 27 from the Second Amended Complaint for being duplicative of paragraph 25 and strike paragraphs 42, 43, 44, 48, 68, 69, and 70 because those paragraphs are legal conclusions. Mot. to Dismiss (d/e 32), at 4. But even assuming that the aforementioned paragraphs are legal conclusions, as opposed to factual allegations, that is no reason to strike them from the Second Amended Complaint. Although Plaintiffs are required to plead facts that indicate they have a plausible, as opposed to a speculative, right to relief, <u>see</u> <u>Iqbal</u>, 556 U.S. at 678, they are not prohibited from also pleading legal conclusions that might help to provide Defendants with notice of the claims brought against them or provide context for the factual allegations. <u>See</u> <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001) (citing <u>Neitzke v.</u>

<u>Williams</u>, 490 U.S. 319, 325 (1989)) (noting that "legal conclusions are an integral part of the federal notice pleading regime" and that Rule 8(b) of the Federal Rules of Civil Procedure requires parties to respond to all allegations contained within a pleading, including legal conclusions). Therefore, the Court strikes only paragraph 27 of the Second Amended Complaint, as it is duplicative of paragraph 25.

**B.    The Allegations of Plaintiffs' Second Amended Complaint Are Insufficient to Render the Doctrine of <u>Res</u> <u>Ipsa</u> <u>Loquitur</u> Applicable Against Decatur Boys & Girls Club and America Boys & Girls Club.**

<u>Res</u> <u>ipsa</u> <u>loquitur</u> is a rule of evidence applicable to a negligence claim, not a distinct theory of recovery. <u>Rice v. Burnley</u>, 596 N.E.2d 105, 108 (Ill. App. Ct. 1992). <u>Res</u> <u>ipsa</u> <u>loquitur</u> allows "proof of negligence by circumstantial evidence when the direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant." <u>Metz v. Cent. Ill. Elec. & Gas Co.</u>, 207 N.E.2d 305, 307 (Ill. 1965). The doctrine "is meant to bridge an evidentiary gap when an injury could not have happened but for the defendant's negligence." <u>Buechel v. United States</u>, 746 F.3d 753, 765 (7th Cir. 2014). Accordingly, <u>res</u> <u>ipsa</u> <u>loquitur</u>

applies only when the facts "admit of the single inference that the accident would not have happened unless the defendant had been negligent." Britton v. Univ. of Chi. Hosps., 889 N.E.2d 706, 709 (Ill. App. Ct. 2008). Whether the doctrine of res ipsa loquitur applies is a question of law to be determined by the Court. Imig v. Beck, 503 N.E.2d 324, 329 (Ill. 1986).

Under Illinois law, a plaintiff bringing a negligence claim based on the doctrine of res ipsa loquitur must plead that he was injured "in an occurrence that ordinarily does not happen in the absence of negligence" and that it was caused "by an agency or instrumentality within the defendant's exclusive control." Avalos-Landeros v. United States, 50 F. Supp. 3d 921, 927 (N.D. Ill. 2014) (citing Heastie v. Roberts, 877 N.E.2d 1064, 1076 (Ill. 2007)). Although, in the past, a plaintiff had to allege that the "the injury occurred under circumstances indicating that it was not due to any voluntary act or neglect on the part of the plaintiff," this requirement was removed due to the adoption of comparative fault principles in Illinois. Heastie, 877 N.E.2d at 1076. With respect to the requirement of "exclusive control," a defendant's control over the instrumentality "at the time of the alleged negligence is not defeated by lack of

control at the time of the injury." <u>Darrough v. Glendale Heights</u> <u>Cmty. Hosp.</u>, 600 N.E.2d 1248, 1252–53 (Ill. App. Ct. 1992). Indeed, the doctrine of <u>res ipsa loquitur</u> can be appropriate if the instrument that caused the injury was in the defendant's exclusive control "at a time prior to the injury and there is no change in conditions or intervening act that could reasonably have caused the event resulting in the injury." <u>Id.</u> at 1253.

T.K. alleges that "a minor child under the care and supervision of a registered, licensed professional child care facility does not ordinarily sustain serious injuries when properly supervised in the absence of negligence." Sec. Am. Complaint, ¶ 60. Further, T.K. claims that at the time he sustained his injuries, the farm trailer that injured him was under the exclusive control of Decatur Boys & Girls Club and America Boys & Girls Club. <u>Id.</u> ¶ 61. These allegations are not sufficient to render the doctrine of <u>res ipsa loquitur</u> applicable here. <u>See</u> <u>Twombly</u>, 550 U.S. at 545 (noting that "a formulaic recitation of a cause of action's elements" will not withstand a Rule 12(b)(6) motion to dismiss). And although the Second Amended Complaint contains numerous factual allegations regarding the incident in which T.K. was injured, those allegations

do not indicate a plausible right to relief for T.K. under the doctrine of <u>res</u> <u>ipsa</u> <u>loquitur</u>.

Because the facts pleaded in Plaintiffs' Second Amended Complaint provide no support for the second prong in the <u>res</u> <u>ipsa</u> <u>loquitur</u> analysis—whether an injury was caused by an object within the defendant's exclusive control—the Court's <u>res</u> <u>ipsa</u> <u>loquitur</u> analysis will begin and end with that prong. Even assuming that the incident in which T.K. was injured was one that does not ordinarily occur in the absence of negligence, T.K.'s account of the circumstances surrounding the accident indicate that it was Defendant Paulin, not Decatur Boys & Girls Club or America Boys & Girls Club, who had exclusive control of the farm trailer. According to the Second Amended Complaint, the farm trailer that injured T.K. was owned by Defendant Paulin and located on Defendant Paulin's property. Defendant Paulin was the one who pulled the trailer onto a public road with T.K. and several other minor children on board. Defendant Paulin owned the tractor with which the trailer was pulled. Although T.K. claims that Decatur Boys & Girls Club and America Boys & Girls Club were responsible for placing him on the farm trailer, he makes the same allegation

with respect to Defendant Paulin.  <u>See</u> Sec. Am. Complaint, ¶¶ 22-23.  In short, there is nothing in the Second Amended Complaint to support T.K.'s allegation that Decatur Boys & Girls Club and America Boys & Girls Club were in exclusive control of the farm trailer at any time.

Based on this analysis, the Court has determined that the factual allegations of the Second Amended Complaint are not sufficient to render the doctrine of <u>res</u> <u>ipsa</u> <u>loquitur</u> applicable.  In doing so, the Court again notes that <u>res</u> <u>ipsa</u> <u>loquitur</u> is an evidentiary rule, not a distinct theory of recovery.  If facts uncovered through the discovery process sufficiently support the application of <u>res</u> <u>ipsa</u> <u>loquitur</u> against any Defendant, the Court will allow T.K. to rely on the doctrine at the summary judgment stage and will allow the trier of fact to consider and apply the doctrine as to that Defendant.

**C.    Count III and Count V Sufficiently Plead Willful and Wanton Misconduct Claims Against the Defendants.**

To state a claim under Illinois law for willful and wanton misconduct, a plaintiff must plead facts establishing the elements of a negligence claim—duty, breach, proximate causation, and

harm—and "either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." Kirwan v. Lincolnshire–Riverwoods Fire Protections Dist., 811 N.E.2d 1259, 1263 (Ill. App. Ct. 2004) (quoting Adkins v. Sarah Bush Lincoln Health Ctr., 544 N.E.2d 733, 743 (Ill. 1989)). As noted above, T.K. has sufficiently pleaded negligence causes of action against all Defendants. T.K. has incorporated the allegations comprising his negligence claims into his willful and wanton misconduct claims against Defendants. Therefore, to state claims for willful and wanton misconduct against Defendants, T.K. need only additionally allege either intentional or reckless willful and wanton misconduct committed by Defendants. Reckless willful and wanton misconduct is conduct committed with an utter indifference of or a conscious disregard for the safety of others. Kirwan, 811 N.E.2d at 1263. To meet this standard, the defendant "must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury." Id.

In the Second Amended Complaint, T.K. alleges that on July

17, 2015, Decatur Boys & Girls Club and America Boys & Girls Club placed him and 15 to 20 other minors on an unsafe farm trailer with no guardrails, sidewalls, barriers, or seats while providing inadequate supervision.  Sec. Am. Complaint, ¶¶ 22, 65. T.K. further alleges that the trailer was not designed to transport people.  Id. ¶ 24.  T.K claims that Decatur Boys & Girls Club and America Boys & Girls Club failed to take necessary safety precautions and operated their summer camp recklessly or with gross negligence.  Id. ¶¶ 64, 68.  According to T.K., the actions and inaction of Decatur Boys & Girls Club and America Boys & Girls Club were "willful, wanton, grossly negligent, careless, [and] reckless" and "showed an utter indifference to or conscious disregard for the safety of [T.K.]."  Id. ¶ 70.

T.K. also includes several allegations in Count III about what Decatur Boys & Girls Club and America Boys & Girls Club "knew or should have known."  Specifically, according to T.K., Decatur Boys & Girls Club and America Boys & Girls Club knew or should have known that the farm trailer was unreasonably dangerous, that additional supervision was required for the 15 to 20 children riding on the farm trailer, and that there was no way for the children to be

properly seated on the farm trailer.  Id. ¶¶ 66-68.  Decatur Boys &
Girls Club and America Boys & Girls Club also knew or should have
known that placing children on the farm trailer and pulling it with a
tractor without proper supervision posed a high probability of
serious physical harm to T.K.  Id. ¶ 69.

With respect to Defendant Paulin, T.K. alleges that Defendant
Paulin placed T.K. on a farm trailer that was not designed or
intended to transport people and had no guardrails, seats, or seat
belts to prevent people from falling off it.  Id. ¶¶ 23, 25-26.  Further,
T.K. claims that Defendant Paulin had no intention of making sure
that T.K. was safe when she placed him on the farm trailer and
pulled it onto a public road.  Id. ¶ 83.  T.K. also claims that
Defendant Paulin failed to take necessary safety precautions.  Id. ¶
85.  Defendant Paulin's conduct, according to T.K., was "willful,
wanton, grossly negligent, careless, [and] reckless" and showed a
"conscious disregard for the safety of [T.K.]."  Id. ¶ 87.

As with Decatur Boys & Girls Club and America Boys & Girls
Club, T.K. includes allegations in the Second Amended Complaint
regarding what Defendant Paulin "knew or should have known."
Specifically, T.K. alleges that Defendant Paulin knew or should have

known that the farm trailer was unreasonably dangerous, that pulling children onto a public road while on the trailer was unreasonably dangerous, and that placing children on the farm trailer and pulling the trailer onto a public roadway without proper supervision posed a high probability of serious physical harm or death. Id. ¶¶ 83-84, 86.

T.K.'s allegations are sufficient to plead willful and wanton misconduct claims against Defendants. The Federal Rules of Civil Procedure require that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). A plaintiff need not plead enough facts to show that he is likely to prevail on his claim; rather, he is required only to include enough facts to raise his claim from speculative to plausible. See Iqbal, 556 U.S. at 678. The allegations set forth above are sufficient to make it plausible that Defendants committed willful and wanton misconduct when they put T.K. on an unsafe farm trailer not designed for transporting people, failed to take necessary safety precautions, and either failed to properly supervise T.K. or pulled the trailer, with T.K. on it, onto a public road. See Worthem v. Gillette Co., 774 F. Supp. 514, 517 (N.D. Ill. 1991)

(holding that the plaintiff had sufficiently pleaded willful and wanton misconduct claims where she alleged that "willful and wanton acts or omissions [were] committed or omitted with conscious indifference to existing circumstances and conditions" and went on to "enumerate specific instances of willful and wanton conduct").

Although T.K.'s "knew or should have known" allegations against Defendants may have been insufficient to meet his pleading burden with respect to willful and wanton misconduct claims, see id. (admitting that the court "might agree" with the defendant's arguments that "knew or should have known" allegations are mere negligence allegations insufficient to merit punitive damages), T.K. does not rely solely on these allegations in his willful and wanton misconduct claims against Defendants. Indeed, as the Court has noted above, Count III and Count V of the Second Amended Complaint, which incorporate the allegations from the counts preceding them, contain specific factual allegations regarding the actions Defendants took. Further, the Court does not view T.K.'s "knew or should have known" allegations as completely irrelevant to a willful and wanton misconduct claim under Illinois law, which

holds that willful and wanton misconduct can be found where there is a failure to discover a danger through carelessness when it could have been discovered through the exercise of ordinary care. <u>Ziarko v. Soo Line R.R. Co.</u>, 641 N.E.2d 402, 406 (Ill. 1994).

The fact that T.K. bases his willful and wanton claims on the same facts as his negligence claims is of no concern. Under Illinois law, "[t]he same acts by a defendant, if sufficiently egregious, can constitute both negligence and willful and wanton conduct." <u>Bastian v. TPI Corp.</u>, 663 F. Supp. 474, 476 (N.D. Ill. 1987) (citing <u>Smith v. Seiber</u>, 469 N.E.2d 231, 235 (Ill. App. Ct. 1984). Therefore, "one can plead the same facts in two counts, one characterizing them as negligence and the other as willful and wanton conduct, if the same facts could support both theories." <u>Bastian</u>, 663 F. Supp. at 476 (citing <u>O'Brien v. Twp. High Sch. Dist. 214</u>, 415 N.E.2d 1015, 1018 (Ill. 1980).

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendants Boys & Girls Club of America and Boys & Girls Club of Decatur, Inc.'s Combined Rule 12(b)(6) Motion to Dismiss Complaint and Alternative Rule 12(f) Motion to Strike Portions of Count I of the Second Amended

Complaint (d/e 32) is GRANTED IN PART and DENIED IN PART.

Count II of Plaintiffs' Second Amended Complaint is DISMISSED

WITHOUT PREJUDICE. Further, the Court STRIKES paragraph 27

of Plaintiffs' Second Amended Complaint as duplicative. Defendant

Mary K. Paulin's Combined Rule 12(b)(6) Motion to Dismiss

Complaint and Alternative Rule 12(f) Motion to Strike Portions of

Count IV of the Second Amended Complaint (d/e 33) is DENIED.

Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure,

Defendants have 14 days from the date they receive a copy of this

Order to file an answer to Plaintiffs' Second Amended Complaint.

ENTER: June 6, 2017.

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE